**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ASHLEY VERDIN, individually and on behalf of A.H., a minor child, A.H., a minor child, by and through his Legal Guardian, ASHLEY VERDIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1126** |
| **ST. TAMMANY PARISH SCHOOL BOARD** | **SECTION: N** |

## ORDER

Before the Court are Plaintiff Ashley Verdin's Motion for Default Judgment as to St. Tammany Parish School Board ("STPSB")[1] and Defendant St. Tammany Parish School Board's Motion to Set Aside Default.[2] STPSB filed an opposition to Plaintiff's motion for default judgment.[3] Ashley Verdin filed an opposition to STPSB's motion to set aside default.[4] Both parties filed respective replies.[5]

## I. Background

On May 26, 2026, Plaintiffs Ashley Verdin individually and on behalf of her minor child, A.H., and A.H., a minor child by and through his legal guardian, Ashley Verdin, filed their complaint appealing a decision and order by an administrative law judge.[6] The complaint alleges claims under the Individuals with Disabilities Education Act ("IDEA") and Title II of the Americans with Disabilities Act ("ADA").

[1] Rec. Doc. 8.
[2] Rec. Doc. 9.
[3] Rec. Doc. 10.
[4] Rec. Doc. 11.
[5] Rec. Docs 12, 18.
[6] Rec. Doc. 1.

On May 27, 2026, summons was issued as to STPSB,[7] and STPSB was served on July 1, 2026.[8] STPSB's answer was due on July 22, 2026.

On July 28, 2026, Plaintiffs moved for entry of default as to STPSB, and the Clerk of Court granted the entry of default the next day.[9]

On August 3, 2026, Plaintiffs moved for default judgment[10] and STPSB moved to set aside entry of default.[11]

## II. Legal Standard & Analysis

Federal courts have broad discretion when deciding whether to set aside an entry of default, as defaults are extreme sanctions and courts generally prefer to resolve disputes on the merits.[12] Rule 55(c) of the Federal Rules of Civil Procedure provides that a court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[13] To determine whether good cause has been shown by a party, a court should consider, nonexclusively, (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[14]

Here, Plaintiffs argue that denying default judgment would result in substantial prejudice as to Plaintiffs. Plaintiffs contend that there are clear

---

[7] Rec. Doc. 4.
[8] Rec. Doc. 5.
[9] Rec. Docs. 6, 7.
[10] Rec. Doc. 8.
[11] Rec. Doc. 9.
[12] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[13] Fed. R. Civ. P. 55(c).
[14] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2014). "Courts have been careful to avoid treating [the three elements] as though they were exclusive." *U.S. v. One Parcel of Real Prop.,* 763 F.2d 181, 183 (5th Cir. 1985).

procedural grounds for default here, that nothing in the record indicates a good faith mistake from STPSB, and that entry of default would not be unduly harsh.[15]

STPSB asserts it never received the Plaintiffs' motion for entry of default,[16] and only received the entry of default on August 3, 2026. Upon receipt of the entry of default, STPSB states it emailed Plaintiffs' counsel notifying them that responsive pleadings would be filed.[17] STPSB explains that the late filing was due to an administrative error. It further avers that setting aside default will not prejudice Plaintiffs and that STPSB has meritorious defenses.[18]

The Court finds that there is good cause to set aside the entry of default against STPSB. "The Federal Rules of Civil Procedure are designed for just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver."[19] Because default judgments are extreme sanctions, the Court sees no reason to sanction STPSB, which has since responded promptly after default.[20]

Weighing the relevant factors, the Court concludes that STPSB's default was unwilful and due to administrative error. Additionally, the Court agrees with STPSB that setting aside default will not prejudice Plaintiffs and that STPSB's has presented

---

[15] Rec. Doc. 8-1.
[16] Rec. Doc. 9-1 at 2.
[17] *Id.*
[18] *Id.* at 3-5.
[19] *Sun Bank of Ocala*, 874 F.2d at 276.
[20] *Id.*

a potentially meritorious defense. Accordingly, the Court finds good cause to set aside default and allow STPSB to present its defenses.

## III. Conclusion

**IT IS ORDERED** that the Plaintiff's Motion for Default Judgment[21] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default[22] is **GRANTED**.

New Orleans, Louisiana, this 31st day of August, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[21] Rec. Doc. 8.
[22] Rec. Doc. 9.